IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-60186

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIJAH HOGGATT,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(5:99-CR-7-ALL-BrN)

February 21, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Elijah Hoggatt appeals his conviction and sentence for distribution of crack cocaine and possession of crack cocaine with intent to distribute. Hoggatt raises four challenges. First, he argues that the evidence was insufficient to support his possession with intent to distribute conviction. Second, he argues that the evidence was insufficient to support his distribution conviction. Third, he argues that the evidence was insufficient for him to be

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced for possession of crack cocaine rather than powder cocaine. Fourth, he argues that his sentence violated *Apprendi v. New Jersey*.[1] Finding no error, we reject these arguments and affirm.

I

On the evening of June 2, 1998, Chris Minor, a paid informant for the Adams County, Mississippi, Narcotics units, went to a trailer rented by Jacklyn Mitchell to purchase drugs. He was wearing a wire and law enforcement officers observed him from a distance. At the trailer, he allegedly purchased about a gram of crack cocaine from Hoggatt. The law enforcement officers then obtained a warrant to search the trailer based on this sale. In the trailer they found a suitcase with about 842 grams of crack cocaine.

Hoggatt was convicted for distribution of the gram of crack and for possession with intent to distribute the entire amount found in the trailer. He appealed.

II

Hoggatt first argues that the evidence was insufficient to establish that he had constructive possession of the drugs found in the suitcase in the closet of Mitchell's trailer. In evaluating the sufficiency of the evidence, this court asks whether a

---

[1] 120 S. Ct. 2348 (2000).

reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt.[2]  We consider the evidence in the light most favorable to the verdict, drawing all reasonable inferences and credibility choices in support of the verdict.[3]

Hoggatt was not in actual possession of the drugs, so the government had to show he was in constructive possession. Constructive possession may be proved by circumstantial evidence demonstrating dominion or control over the drugs or the residence where the drugs are found.[4]  Both Minor and the manager of Mitchell's trailer park testified that Hoggatt lived with Mitchell in the trailer where the drugs were found.  Minor testified he had purchased drugs from Hoggatt at the trailer on more than one occasion.  The law enforcement officers found notes from Hoggatt to Mitchell saying he would be back soon, which permits an inference that Hoggatt lived in the trailer.  This evidence is sufficient to prove that Hoggatt had dominion or control over the trailer. Although Hoggatt points to contrary evidence, the jury was free to credit some testimony over other testimony.

III

---

[2] *See United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998).

[3] *See id.*

[4] *See United States v. Onick*, 889 F.2d 1425, 1429 (5th Cir. 1990).

3

Hoggatt's distribution conviction was based on the testimony of Minor. Hoggatt argues that Minor's testimony was so incredible that the jury was not entitled to give it credit. It is true that Minor was a paid informant, but the trial court observed all of the safeguards necessary to ensure that the jury treated the testimony of a paid informant with proper caution. Hoggatt was given ample opportunity to cross-examine Minor, Hoggatt was allowed to bring Minor's potential bias to the jury's attention, and the trial court specifically instructed the jury to view Minor's testimony with caution.[5] A government witness corroborated Minor's testimony that it was common to buy crack for much less than its total resale value. Unless a witness's testimony is contrary to the laws of nature or the witness claims to have witnessed something beyond the witness's ability to have perceived it, the jury's choice to credit a witness's testimony will not be disturbed.[6]

IV

Hoggatt argues that the government did not prove that the cocaine seized from the trailer was crack cocaine. There was both expert and lay testimony at trial that the cocaine seized was crack cocaine. This argument has no merit.

V

---

[5] *See United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994).

[6] *See id.*

4

Hoggatt also challenges his sentence, claiming an *Apprendi* violation because the jury was not required to find that the substance he possessed was crack. This argument is frivolous. The jury verdict specifically defined the offenses as "possession of a controlled substance (crack cocaine) with intent to distribute" and "knowing or intentional distribution of a controlled substance (crack cocaine)." The trial judge specifically instructed the jury for each count that they must find beyond a reasonable doubt that the substance in question was cocaine base.

VI

For the foregoing reasons, the judgment of conviction and sentence are AFFIRMED.

5